IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLIAM CAPPELLO, | No. C 20-8287 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| TERESA CISNEROS, | (Dkt. 2, 5) |
| Respondent. | |

**INTRODUCTION**

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

**STATEMENT**

In 2016, petitioner was convicted of three counts of first-degree murder and related offenses. The trial court sentenced him to a term of life without parole and additional terms of 106 years and twenty-five years to life in state prison. His direct appeal to the California Court of Appeal and the California Supreme Court failed.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

1    requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ
2    of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
3    court must "specify all the grounds for relief which are available to the petitioner ... and shall
4    set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
5    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not
6    sufficient, for the petition is expected to state facts that point to a 'real possibility of
7    constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
8    688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that: (1) admission of recordings of two state-witness interviews violated his rights to confrontation and to due process; (2) a detective violated petitioner's rights to due process and to confrontation by vouching for the credibility of the same two state witnesses; (3) his attorney was ineffective by failing to object when the detective vouched; (4) admission of certain character evidence and exclusion of other such evidence violated petitioner's right to due process; (5) exclusion of expert evidence violated petitioner's right to due process and to present a defense; (6) exclusion of evidence about a defense witness's prior testimony for the prosecutor and allowing the prosecutor to challenge the witness's credibility violated petitioner's right to due process and to present a defense; (7) exclusion of evidence of the same witness's reliability as a confidential informant violated petitioner's right to due process and to present a defense; (8) allowing argument that the same witness was not a reliable confidential informant violated petitioner's right to due process; (9) the prosecution's failure to disclose and misrepresentation of plea deals and favors to prosecution witnesses in exchange for their testimony violated petitioner's right to due process and to disclosure of material information; (10) the prosecution's presentation of and failure to correct false evidence violated petitioner's right to due process; (11) the prosecutor violated petitioner's right to due process by presenting and failing to correct false evidence attacking the credibility of a witness; (12) exclusion of evidence of a connection between a prosecutorial witness and the trial judge and the failure to disclose a letter between the two violated petitioner's right to due process and to

1  disclosure of material information; (13) trial counsel was ineffective in numerous ways; (14)
2  because of the admission of false evidence, exclusion of exculpatory evidence, and
3  prosecutorial misconduct, there was insufficient evidence to support petitioner's convictions;
4  (15) the prosecutor, detective and another attorney recorded and obtained privileged
5  communications between petitioner and his attorney, in violation of petitioner's rights to due
6  process and to counsel; and (16) the cumulative effect of the foregoing errors violated
7  petitioner's right to due process. When liberally construed, these claims are cognizable.

**CONCLUSION**

For the foregoing reasons,

1. The motion for leave to proceed in forma pauperis is **GRANTED**.

2. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: **SFAWTParalegals@doj.ca.gov**. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and

serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March   15  , 2021.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE