1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7

8                         NORTHERN DISTRICT OF CALIFORNIA

9

10     MARK WILLIAM CAPPELLO,

11              Plaintiff,                          No.  C 20-08287 WHA

12         v.

13     TERESA CISNEROS, et al.,                     **CERTIFICATE OF APPEALABILITY**

14              Defendants.

15

16                                **INTRODUCTION**

17         Petitioner requires a certificate of appealability so that he may appeal this Court's denial

18   of his petition for writ of habeas corpus.   Some of the issues in the petition are adequate to

19   deserve encouragement to proceed further, at least after all doubts are resolved in petitioner's

20   favor.  The request for a certificate is therefore **GRANTED IN PART AND DENIED IN PART**.

21                                 **STATEMENT**

22         A Sonoma County jury convicted petitioner of three counts of special-circumstance

23   murder, one count of first-degree burglary, one count of first-degree residential robbery, and

24   one count of conspiracy to possess marijuana for sale and transport.  On November 15, 2023,

25   this Court denied petitioner's request for a writ of habeas corpus and issued a judgment against

26   him (Dkt. No. 71, 72).   Petitioner appealed that judgment, and our court of appeals remanded

27   to this Court for the limited purpose of granting or denying a certificate of appealability.

28

United States District Court
Northern District of California

**ANALYSIS**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); FRCP 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). The district court must specify the issues that meet the required showing and must state its reasons for declining a certificate on those issues that do not. *See* 28 U.S.C. § 2253(c)(3); *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

Given that standard, the Court certifies the following issues for appeal:

- Whether petitioner's right to a fair trial was violated because the trial court did not allow the jury to hear evidence that Charles Wyatt - witness for the petitioner - had testified in the past as a prosecution witness in a different criminal case (grounds 6, 7, 8, and 11) (Dkt. 71 28-35).

- Whether the prosecution committed a *Brady* violation during trial by failing to disclose that in 2003, Charles Wyatt was a prosecution witness in a murder case where the trial judge in petitioner's case, Robert M. LaForge, was the lead prosecutor, and that in exchange for his cooperation, Wyatt received significant benefits, including rent payments and money between $400 and $600 for one year (Supp. Br. 2-3; Dkt. No. 71 35-36).

No other issues advanced in petitioner's motion are certified because reasonable jurists would not find the Court's assessment of those claims debatable or wrong.

*First*, the petition argues that there was insufficient evidence to convict him. Not so. The inquiry here is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-319 (1979) (cleaned up). No reasonable jurists would argue that the standard was not met. The evidence was undeniably sufficient for a rational trier of fact to find that (1) defendant owned the murder

United States District Court
Northern District of California

United States District Court
Northern District of California

1    weapon, (2) defendant shot the victims, and (3) the five special circumstance enhancements

2    argued by the prosecution applied (Dkt. No. 71 7-9).

3      *Second*, the petitioner claims that the trial court violated his constitutional right to a fair

4    trial and to confront his witness by admitting audio recordings of the Dwyers' interviews with

5    police (*id.* at 10-11).  As to the fair trial argument, petitioner merely takes issue with the

6    application of state evidentiary rules, failing to state why those rulings are violative of federal

7    due process.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a

8    federal court is limited to deciding whether a conviction violated the Constitution, laws, or

9    treaties of the United States.").  The confrontation clause argument also fails because

10   declarants were present at trial for cross-examination.  *Crawford v. Washington*, 541 U.S. 36,

11   59 n.9 (2004) ("When a declarant appears for cross-examination at trial, the Confrontation

12   Clause places no constraints at all on the use of his prior testimonial statements.").

13     *Third*, petitioner's claims alleging improper vouching by Detective Cutting again do not

14   warrant certification because the federal habeas writ is unavailable for violations of state law,

15   and no violation of a clearly established Supreme Court decision was argued (Dkt. No. 71

16   12).

17     *Fourth*, petitioner's contention that the trial court admitted improper character evidence

18   in violation of his due process right does not warrant certification because no reasonable jurist

19   could find that the admission of that evidence so infected the entire trial that the resulting

20   conviction violated petitioner's federal due process rights (*id.* at 12-15).

21     *Fifth*, petitioner's claim that the preclusion of defense witness Dr. Randall Smith violated

22   his right to present a complete defense is not certified because petitioner provided no Supreme

23   Court decision tending to show the state court arbitrarily applied binding precedent (*id.* at 16-

24   17).

25     *Sixth*, petitioner's *Brady* claims concerning cooperating witnesses' plea deals are not

26   certified because they are factually untrue as to Odin Dwyer, and based on entirely speculative

27   assertions that do not satisfy petitioner's burden of proof as to Francis Dwyer and Dings (*id.* at

28   17-18).

1    *Seventh*, petitioner's allegation that the prosecution committed a *Napue* violation when it

2    discussed a presumptive bloodstain found on his pants in front of the jury does not warrant

3    certification (*id.* at 19).  Unlike in *Pate*, cited by petitioner, the state's criminalist affirmatively

4    stated in front of the jury that the presumptive bloodstain was not confirmed, and that no

5    human DNA was found in his results (Dkt. No. 71 19).  *See Miller v. Pate*, 386 U.S. 1

6    (1967).  It is clear that the jury was not misled on the reliability of the bloodstain.

7    *Eighth*, petitioner makes several ineffective assistance of counsel claims (*id.* at 20-

8    27).  To prove an ineffective assistance of counsel claim, a petitioner must show that counsel's

9    performance was deficient, and that the deficiency prejudiced the defense.  *See Strickland v.*

10    *Washington*, 466 U.S. 668, 687 (1984).  The pivotal question on habeas is "whether the state

11    court's application of the *Strickland* standard was unreasonable."  *Harrington v. Richter*, 562

12    U.S. 86, 98 (2011).  No reasonable jurist would argue that petitioner has met that

13    standard.  The myriad alleged deficiencies relating to counsel's failure to investigate are all

14    either speculations entirely unsupported by evidence, or are in fact contradicted by the

15    evidence presented at trial.  The same is true for petitioner's allegations regarding failures to

16    object and failures to involve petitioner in decision-making.  *James v. Borg*, 24 F.3d 20, 26

17    (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific

18    facts do not warrant habeas relief.").

19    *Finally*, petitioner's allegations concerning an alleged breach of attorney-client privilege

20    is not certified because petitioner again fails to connect his allegations to the violation of a

21    federal right (Dkt. No. 71 26-27).

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

A certificate of appealability is **GRANTED** with regards to the two issues noted above

and **DENIED** as to the remainder of issues in petitioner's motion.


**IT IS SO ORDERED.**


Dated:  January 22, 2023



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE